DOMENGEAUX, Chief Judge.
Plaintiff, Helen Lloyd, was injured in an automobile accident on June 14,1989, when a vehicle driven by Willie Daniels crossed the centerline of a street in Campti, Louisiana and collided with Ms. Lloyd’s vehicle in her lane of travel. After a bench trial, the trial court found that Daniels’ negligence was the sole cause of the accident. The court awarded Ms. Lloyd $9,000 in general damages and $1,381.01 in special damages, including medical expenses and lost wages. Daniels and his insurer, Dixie Lloyds Insurance Company, have appealed, contending the general damage award is excessive.
Ms. Lloyd testified that, although she was wearing a seat belt during the accident, her left knee hit the driver’s car door. Immediately after the accident, she was taken to the Coushatta Hospital emergency room, where she was treated for cervical strain and released. Ms. Lloyd, a 43 year old manual laborer, testified she missed three days of work because of the accident, and upon her return, she received a temporary transfer to a light duty job.
On June 27, 1989 and on July 6, 1989, Ms. Lloyd was seen by Dr. Philip Mitchell, a family practitioner in Natchitoches, Louisiana. Her complaints at that time were low back pain and severe left knee pain. X-rays ordered by Dr. Mitchell revealed premature arthritis in the lower back and in the left knee. Observing mild lumbar spasm and tenderness and crepitus of the left knee, Dr. Mitchell treated the plaintiff with anti-inflammatory injections and prescribed oral anti-inflammatory medications.
Dr. Mitchell was of the opinion that the trauma Ms. Lloyd sustained in the accident aggravated the pre-existing but asymptomatic arthritic condition. Dr. Mitchell stated Ms. Lloyd had responded well to treatment, but that with the arthritic X-ray findings, he did not know how long the injury would take to resolve. He noted Ms. Lloyd was not completely asymptomatic on her last visit.
At trial almost a year after the accident, Ms. Lloyd testified she was still having problems with her knee. She explained how her knee would swell up, often at night after she had been standing up all day, and how she had to rub it down. She expressed fear of losing her job because of the injury. Her sister, Melba Lloyd, testified that she observed the plaintiff dragging her leg on occasion, and Ammon Booker, Ms. Lloyd’s co-worker, testified the swelling of plaintiff’s knee was visible through her clothing.
Before an appellate court can disturb an award made by a trial court, the record must clearly reveal that the trier of fact abused its discretion in making its award. Only after making the finding that the record supports that the lower court abused its great discretion can the appellate court disturb the award, and then only to the extent of lowering of it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
After reviewing the record, we find no abuse of discretion in the trial court’s award of $9,000 in general damages. The plaintiff sustained a cervical and lumbar strain in addition to an aggravation of a pre-existing arthritic condition of her left knee. The trial court was obviously impressed with the plaintiff’s testimony regarding the duration of the injury and the pain it produced. We find nothing in the medical testimony that is inconsistent with the plaintiff’s account of the injury.
In Willie v. Barriere Construction Co., Inc., 506 So.2d 669 (La.App. 5th Cir.1987), writ denied, 512 So.2d 457 (La.1987), the court held that $6,500 was the lowest amount the trial court could have awarded for the aggravation of a pre-existing arthritic condition in the knee which lasted approximately one year. Considering the other injuries sustained by the plaintiff in addition to the problems with her knee, we find no abuse of discretion in the trial court’s award.
*402 For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to defendants-appellants.
AFFIRMED.